IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILFREDO QUINONES-VELAZQUEZ and ELIZABETH MADRID HENAO, <br><br> Plaintiffs <br> v. <br><br> JAMES PETER MAROULIS, <br><br> Defendant | CIVIL ACTION NO. 1:15-CV-1678 <br><br> (Chief Judge Conner) |

# ORDER

AND NOW, this 4th day of May, 2016, upon consideration of the motion (Doc. 9) to dismiss filed by defendant James Peter Maroulis ("Maroulis") pursuant to, *inter alia*, Federal Rule of Civil Procedure 12(b)(1), wherein Maroulis contends that the court lacks subject matter jurisdiction, (see Doc. 9 ¶¶ 16-24), and the court observing that a federal district court has original jurisdiction in a diverse civil action when "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," 28 U.S.C. § 1332(a), and that the general rule for assessing amount in controversy when plaintiff commences an action in federal court is that the sum pled in good faith in the complaint controls and dismissal is appropriate if "it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed," St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938); see also Huber v. Taylor, 532 F.3d 237, 243 (3d Cir. 2008); Cinalli v. Kane, 191 F. Supp. 2d 601, 606 (E.D. Pa. 2002), but the court further observing that this rule is not an invitation for parties to lodge local claims of limited monetary worth in federal courts by pleading extravagant punitive damages to reach the

requisite amount in controversy, see Packard v. Provident Nat'l Bank, 994 F.2d 1039, 1044-46 (3d Cir. 1993); Nelson v. Keefer, 451 F.2d 289, 292-95 (3d Cir. 1971), and that, consequently, when a claim for punitive damages "comprises the bulk of the amount in controversy" it may be subject to "particularly close scrutiny," Packard, 994 F.2d at 1046; see also Neff v. Gen. Motors Corp., 163 F.R.D. 478, 483 (E.D. Pa. 1995), and the court noting that plaintiffs assert in their amended complaint a loss of consortium claim for an "amount exceeding $75,000,"[1] (Doc. 6 ¶ 99), and that loss of consortium is a derivative claim "emerging from the impact of one spouse's physical injuries upon the other spouse's marital privileges and amenities," Darr Constr. Co. v. W.C.A.B. (Walker), 715 A.2d 1075, 1080 (Pa. 1998) (citing Anchorstar v. Mack Trucks, Inc., 620 A.2d 1120, 1121-22 (Pa. 1993)); see also Craig v. Franklin Mills Assocs., L.P., 555 F. Supp. 2d 547, 554-55 (E.D. Pa. 2008), and the court finding that plaintiffs cannot recover damages for loss of consortium because they claim purely emotional injuries, cf. Bowersox v. P.H. Glatfelter Co., 677 F. Supp. 307, 312 (M.D. Pa. 1988); moreover, any pernicious impact of defendant's alleged conduct is not derivative of those injuries, (see Doc. 6 ¶¶ 95-98), and the court also noting that plaintiffs bring a claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), (see id. ¶¶ 100-110), but that a UTPCPL claim involving attorney behavior would infringe upon the Supreme Court of

---

[1] It appears that plaintiffs' averred damages for loss of consortium consist of $60,000 for loss of "services, society, and conjugal affection," (see Doc. 6 ¶¶ 64, 95), and $20,000 for "injury to their marital and financial expectations." (See id. ¶¶ 61-63, 97-98). The latter figure represents the speculative value of plaintiff Elizabeth Madrid-Henao's economic contribution to plaintiffs' anticipated single household, of which they were allegedly deprived. (See id. ¶¶ 63, 98).

Pennsylvania's "exclusive power to regulate attorney conduct," Beyers v. Richmond, 937 A.2d 1082, 1089 (Pa. 2007) (plurality opinion); see also City of Pittsburgh v. Silver, 50 A.3d 296, 299-301 (Pa. Commw. Ct. 2012), and the court finding that plaintiffs' allegations against attorney Maroulis fall squarely within the Pennsylvania Rules of Professional Conduct with respect to communications about a lawyer's services, see PA. R. PROF.'L CONDUCT 7.1, and hence that plaintiffs cannot recover under the UTPCPL, cf. Beyers, 937 A.2d at 1092-93; Lloyd v. Fishinger, 605 A.2d 1193, 1196 (Pa. 1992), and that plaintiffs' claims for treble damages under the UTPCPL and for attorney's fees are thereby precluded, see Merlino v. Delaware Cty., 728 A.2d 949, 951 (Pa. 1999), and the court concluding that the only specifically alleged damages remaining in plaintiffs' suit are: (1) $8,350 under plaintiffs' claim for conversion of their deposit and certain legal documents, (see Doc. 6 ¶ 76), and (2) punitive damages asserted with plaintiffs' conversion claim, (see id.),[2] which would need to exceed $66,650 to bridge the jurisdictional gap, and the court finding that plaintiffs' remaining *allegata* do not withstand the "particularly close scrutiny" intended to ensure that the limited jurisdictional nature of federal courts is not undermined by inordinate claims for punitive damages, Packard, 994

---

[2] Damages alleged concomitant with other claims in plaintiffs' amended complaint are either duplicative, (see Doc. 6 ¶ 83), or characterized by the conclusory assertion that plaintiffs request an "amount exceeding $75,000." (See id. ¶¶ 92, 118, 121.)

F.2d at 1046; cf. Rizzo v. Haines, 555 A.2d 58, 68-69 (Pa. 1989); see, e.g., Lupole v. Collins Pine Co., No. 07-73, 2007 WL 3023962, at *3-6 (W.D. Pa. Oct. 12, 2007); Flail v. Travelers Cos., No. 98-1254, 1998 WL 709296, at *2-4 (E.D. Pa. Oct. 6, 1998); Lerch v. Md. Ins. Grp., No. 94-5592, 1995 WL 30594, at *3 (E.D. Pa. Jan. 25, 1995); Ferrell v. Trs. of Univ. of Pa., No. 94-4988, 1994 WL 702869, at *2 (E.D. Pa. Dec. 13, 1994); Singer v. State Farm Mut. Auto Ins. Co., No. 91-5227, 785 F. Supp. 510, 512 (E.D. Pa. 1992), and the court thus concluding that it lacks subject matter jurisdiction over the instant action by reason of insufficient amount in controversy, see FED. R. CIV. P. 12(b)(1), and that this conclusion obviates the need to consider defendant's additional arguments in favor of dismissal, (see Doc. 11), it is hereby ORDERED that:

1. Maroulis' motion (Doc. 9) to dismiss pursuant to Rule 12(b)(1) is GRANTED. The above-captioned action is DISMISSED for lack of subject matter jurisdiction.

2. The Clerk of Court is directed to CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania